```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**REGINA RAY**                                                      **PLAINTIFF**

VS.                                          CIVIL ACTION NO. 3:04-CV-558BN

**LEVI STRAUSS & CO.**                                              **DEFENDANT**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the following Motions:

1.  Motion of Plaintiff to Have Admissions Deemed Admitted, filed on August 5, 2005 [docket entry no. 43];

2.  Motion of Plaintiff for Partial Summary Judgment as to Liability, filed on August 5, 2005 [docket entry no. 44];

3.  Motion of Defendant to Withdraw Admissions Deemed Admitted, filed on September 12, 2005 [docket entry no. 60];[1]

4.  Motion of Defendant to Disqualify Plaintiff's Counsel, filed on October 24, 2005 [docket entry no. 67]; and

---

[1] On September 6, 2005, Defendant filed its "Combined Response to Plaintiff's Motion to Deem Admissions Admitted and Motion for Partial Summary Judgment as to Liability and Motion to Withdraw Admissions Deemed Admitted," which was docketed as a "Response" under docket entry no. 57. Defendant re-filed the same document as a "Motion" on September 12, 2005, under docket entry no. 60.

5. Motion of Defendant to Strike, filed on October 25, 2005 [docket entry no. 70].[2]

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1. The Motion of Plaintiff to Have Admissions Deemed Admitted, filed on August 5, 2005 [docket entry no. 43], is not well taken and should be denied as moot;

2. The Motion of Plaintiff for Partial Summary Judgment as to Liability, filed on August 5, 2005 [docket entry no. 44], is not well taken and should be denied;

3. The Motion of Defendant to Withdraw Admissions Deemed Admitted, filed on September 12, 2005 [docket entry no. 60], is well taken and should be granted;

4. The Motion of Defendant to Disqualify Plaintiff's Counsel, filed on October 24, 2005 [docket entry no. 67], is not well taken and should be denied as moot; and

5. The Motion of Defendant to Strike, filed on October 25, 2005 [docket entry no. 70], is not well taken and should be denied as moot.

---

[2] The Court notes that the Motion for Summary Judgment of Defendant, filed on August 10, 2005 [docket entry no. 51], is also pending in this matter. The Court will address this Motion in a separate Opinion.

The Court will collectively discuss the first three Motions listed above as these Motions are all related to Plaintiff's Requests for Admissions. The Court will conclude by discussing the latter two Motions which pertain to disqualification of Plaintiff's counsel. Because the subject Motions are procedural in nature and are unrelated to the merits of the case, the facts do not need to be fully developed. The necessary facts are incorporated in the following analysis of the Motions.

**I. Motions Pertaining to Plaintiff's Requests for Admissions**

Plaintiff Regina Ray filed this employment discrimination suit against her former employer, Defendant Levi Strauss & Co., on July 22, 2004, alleging that Defendant forced her to resign due to her age. On January 11, 2005, Plaintiff served Defendant with several discovery requests, including Plaintiff's Requests for Admissions ("Requests") pursuant to Rule 36 of the Federal Rules of Civil Procedure. The Requests, *inter alia*, asked Defendant to admit that Plaintiff was forced to resign because of her age. Under the requirements of Rule 36, Defendant had thirty days, or until February 11, 2005, to answer or object to the Requests for Admissions. Defendants however did not respond to the Requests of Admissions until March 23, 2005 ("March 23 Response"), forty-two days after the February 11, 2005, deadline.

In light of the late filed answers to the Requests for Admissions, Plaintiff filed two Motions on August 5, 2005

(collectively "August 5 Motions"). First, Plaintiff filed a Motion to Have Admissions Deemed Admitted [docket entry no. 43], asking the Court to deem admitted her Requests for Admissions due to Defendant's untimely response. Second, Plaintiff also made a Motion for Partial Summary Judgment as to Liability [docket entry no. 44] ("Motion for Partial Summary Judgment"). The Motion for Partial Summary Judgment is based on the assumption that the Requests for Admissions will be deemed admitted and therefore Defendant will have conclusively admitted to liability.

In response to Plaintiff's August 5 Motions, Defendant argues that the Requests for Admissions should not be deemed admitted because Plaintiff failed to timely file her Motion to Have Admissions Deemed Admitted. Defendant asserts that the Motion should have been filed before the discovery deadline in this action expired. Alternatively, Defendant filed a Motion to Withdraw Admissions Deemed Admitted on September 12, 2005 [docket entry no. 60] ("Motion to Withdraw"). Assuming the Court finds that the Requests for Admissions are deemed admitted, Defendant asks that the Court withdraw those Admissions and allow its March 23 Response to stand as its answer to the Requests for Admissions.

Rule 36(a) provides, in pertinent part:

> Each matter of which an admission is requested shall be separately set forth. *This matter is admitted* unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the

4

> party requesting the admission a written answer or objection. . . .

(Emphasis added). It is undisputed in this case that Defendant failed to answer Plaintiffs' Requests for Admissions within thirty days of Plaintiff serving the Requests on Defendant. Further, Defendant did not ask the Court within the thirty-day period to enlarge the time it had to answer Plaintiff's Requests. Therefore, pursuant to the express language of Rule 36, the Requests for Admissions were deemed admitted on February 12, 2005. Plaintiff was not required to make a motion to have the Requests deemed admitted. The Requests were deemed admitted, by operation of law, on February 12, 2005. Plaintiff's Motion to Have Admissions Deemed Admitted is therefore denied as moot.

Although the Requests were deemed admitted on February 12, 2005, Defendant has now moved pursuant to Rule 36(b) to withdraw the Admissions. Under Rule 36(b), the Court can allow admissions to be withdrawn or amended if two requirements are met. First, the Court must be satisfied that a presentation on the merits will be subserved by the withdrawal or amendment. Fed R. Civ. P. 36(b); In Re Guardian Trust Co., 260 B.R. 404, 410-11 (S.D. Miss. 2000) ("The first prong of Rule 36(b) permits withdrawal if it will facilitate the development of the case in reaching the truth. . . ." (quotation marks and citations omitted)). Second, the party obtaining the admission, in this case Plaintiff, must prove that she would be prejudiced. Id. Prejudice does not result where the

obtaining party has merely relied on the admission in moving for summary judgment. In Re Guardian Trust Co., 260 B.R. at 411. In sum, "Rule 36 emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Id. (quotation marks and citations omitted).

   The Court finds that the two requirements of Rule 36(b) have been satisfied in this case.[3] Defendant contends and Plaintiff does not dispute that there is evidence that Plaintiff was not forced to resign for impermissible reasons. Further, without considering the Motion for Summary Judgment of Defendant which is currently pending in this case, the Court presumes that Defendant has some proof that it is not liable to Plaintiff. Thus, the Court finds that allowing the Admissions to stand would subvert a determination on the merits. Moreover, Plaintiff will not be prejudiced if the Admissions are withdrawn. As Defendant points out, Plaintiff has continued discovery on the issues addressed by her Requests for Admissions. Also, Plaintiff does not contend that she has justifiedly relied to her detriment on these Admissions in preparing this case for trial.

---

   [3] Defendant gives several explanations for its failure to serve its Answers to Plaintiff's Requests for Admissions before February 11, 2005. However, excuses for why a party did not timely answer requests for admissions are irrelevant under Rule 36(b). See In Re Guardian Trust Co., 260 B.R. at 410.

Accordingly, the Court will grant Defendant's Motion to Withdraw. Defendant's March 23 Response will now stand as Defendant's Answers to Plaintiff's Requests for Admissions. Further, because Plaintiff relied exclusively on the withdrawn Admissions in her Motion for Partial Summary Judgment, that Motion is not well taken and is denied.

**II. Motions Pertaining to Disqualification of Plaintiff's Counsel**

On October 24, 2005, Defendant filed a Motion to Disqualify Plaintiff's Counsel [docket entry no. 67] ("Motion to Disqualify") seeking to disqualify Plaintiff's then counsel, Louis Watson and the law firm of Louis H. Watson, Jr., P.A. (collectively "Watson Law Firm"). Defendant asserted that the Watson Law Firm had recently hired an associate, Kristy Bennet, who was previously employed by Defendant's counsel, Anderson, Crawley & Burke, PLLC, and that Bennet had actually represented Defendant in this matter. Thus, Defendant argued that Bennet's hiring created a conflict of interest that warranted disqualification of the Watson Law Firm.

As a result of this same alleged conflict of interest, Defendant also moved to strike a pleading filed by the Watson Law Firm. Defendant's Motion to Strike, filed on October 25, 2005 [docket entry no. 70], sought to strike Plaintiff's Rebuttal to Defendant's Response to Plaintiff's Motion to Have Admissions Deemed Admitted and Motion for Partial Summary Judgment.

But, before the Court could consider the merits of the Motion to Disqualify and the Motion to Strike, Plaintiff made an *ore tenus* Motion to allow the Watson Law Firm to withdraw as her counsel in this matter. The Court granted Plaintiff's Motion on November 29, 2005, thereby mooting Defendant's Motion to Disqualify Plaintiff's Counsel. <u>See</u> Order, filed November 28, 2005, under docket entry no. 75. Accordingly, Defendant's Motion to Disqualify Plaintiff's Counsel is denied as moot. Likewise, Defendant's Motion to Strike is also denied as moot.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Have Admissions Deemed Admitted, filed on August 5, 2005 [docket entry no. 43], is not well taken and is hereby denied as moot.

IT IS FURTHER ORDERED that the Motion of Plaintiff for Partial Summary Judgment as to Liability, filed on August 5, 2005 [docket entry no. 44], is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant to Withdraw Admissions Deemed Admitted, filed on September 12, 2005 [docket entry no. 60], is well taken and is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendant to Disqualify Plaintiff's Counsel, filed on October 24, 2005 [docket entry no. 67], is not well taken and is hereby denied as moot.

    IT IS FURTHER ORDERED that the Motion of Defendant to Strike, filed on October 25, 2005 [docket entry no. 70], is not well taken and is hereby denied as moot.

    SO ORDERED this the 25th day of January, 2006.

                                             s/ William H. Barbour, Jr.
                                             UNITED STATES DISTRICT JUDGE

blj