# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

REGINA RAY                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:04-CV-558BS

LEVI STRAUSS & CO.                                      DEFENDANT

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1.  Defendant's Motion for Summary Judgment Regarding Plaintiff's Remaining Claims ("Motion for Summary Judgment"), filed on March 9, 2006;

2.  Plaintiff's Motion to Strike, filed on March 29, 2006.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1.  Defendant's Motion for Summary Judgment is well taken and should be granted;

2.  Plaintiff's Motion to Strike is not well taken and should be denied as moot.

### I.  Factual Background and Procedural History

The facts of this case are set forth in detail in the Opinion and Order rendered by the undersigned on January 31, 2006 ("January 31 Opinion") and filed with the Clerk of the Court on February 1, 2006, under docket entry no. 84.  The "Factual Background and

Procedural History" section of the January 31 Opinion is adopted herewith by reference.

In the January 31 Opinion, the Court dismissed Plaintiff Regina Ray's Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., claim ("ADEA claim"). Defendant Levi Strauss & Co. ("Levi") now moves for summary judgment on the remaining state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, conversion, and punitive damages raised in Plaintiff's Amended Complaint. Plaintiff also moves to strike certain exhibits attached to the pending Motion for Summary Judgment. The Court will now consider these Motions.

## II.   Motion for Summary Judgment

### II.A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>see also</u>, <u>Moore v. Mississippi Valley State Univ.</u>, 871 F.2d 545, 549 (5th Cir. 1989); <u>Washington v. Armstrong World Indus.</u>, 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. <u>Id.</u> As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. <u>Id.</u> at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it

unlikely that the non-moving party will prevail at trial. <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

**II.B. Statute of Limitations**

Before reaching the merits of Plaintiffs' common law claims, the Court must first address the statute of limitations issue raised by Levi. Levi urges that Ray's claims of intentional infliction of emotional distress and conversion should be dismissed because they are barred by a one-year statute of limitations. Levi contends that these two alleged claims must have occurred on or before August 6, 2003, the date Ray resigned her employment. Arguing that a one-year statute of limitations applies to both claims, Levi reasons that the one-year expired on August 6, 2004, well before Ray first raised the intentional infliction of emotional distress and conversion claims in her February 14, 2005, Amended Complaint. Moreover, although it did not specify a statute of limitations' defense in its Answer to Amended Complaint ("Answer"), Levi asserts that it adequately preserved the affirmative defense in its Answer by stating that "Defendant invokes all defenses to which it is entitled, pursuant to applicable policies, standards, regulations, laws, statutes and authorities."

In response, Ray contends that Levi waived its statute of limitations defense by not specifically raising the affirmative

defense in its Answer. In the alternative, Ray contends that the two claims are not barred by the statute of limitations because they relate back to the date of the original Complaint, which was filed on July 22, 2004.

The Court begins by considering whether Levi has waived a statute of limitations defense. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, a defendant is required to raise all affirmative defenses in its responsive pleading. However, so long as "the matter is raised in the trial court in a manner that does not result in unfair surprise, ... technical failure to comply precisely with Rule 8(c) is not fatal." Lucas v. United States, 807 F.2d 414, 418 (quotation and citation omitted). The defendant must only assert the defense at a "pragmatically sufficient time." Id. By raising the statute of limitation defense in its Motion for Summary Judgment, well before the scheduled trial date, Levi provided Ray adequate time to rebut the defense. Ray was therefore not prejudiced by the defense. Accordingly, the Court concludes that Levi has not waived its statute of limitations defense as it asserted the affirmative defense in a pragmatically sufficient manner.[1]

---

[1] Because Defendant has not waived its statute of limitations defense, the Court need not decide whether Defendant adequately raised a statute of limitations affirmative defense in its Answer.

The Court must next determine whether Ray's intentional infliction of emotional distress and conversion claims are in fact barred by the applicable statute of limitations. The Court must first decide what statute of limitation applies to the two causes of action. Citing <u>Bellum v. PCE Constructors, Inc.</u>, 407 F.3d 734, 741 (5th Cir. 2005), Levi asserts that under Mississippi law, a one-year statute of limitations applies to both an intentional infliction of emotional distress and conversion claim. The Court agrees that the one year statute of limitations of Miss. Code Ann. § 15-1-35 governs Plaintiff's intentional infliction of emotional distress claim. <u>Id.</u>  However, Miss. Code Ann. § 15-1-49, the generally applicable statute of limitations which now provides a three-year limitation period, applies to claims of conversion. <u>First Bank v. Eastern Livestock Co.</u>, 886 F. Supp. 1328, 1330 (S.D. Miss. 1995). Thus, Ray's conversion claim is clearly not barred by the statute of limitations.

Having found that a claim of intentional infliction of emotional distress claims is controlled by a one-year statute of limitations, the Court will consider whether Ray's claim is untimely. Although Ray's common law claims were not raised until she filed her Amended Complaint on February 14, 2005, Ray argues that the date of those claims should relate back to the originally filed Complaint on July 22, 2004, which was within in one year of her resignation. Levi on the other hand argues that the relation

6

back doctrine under Rule 15(c) of the Federal Rules of Civil Procedure does not apply to newly asserted causes of action.

Pursuant to Rule 15(c)(2), the date of a claim asserted for the first time in an amended pleading should relate back to originally filed pleading if the new claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In deciding whether Rule 15(c)(2) applies to a newly asserted cause of action, a court should consider whether the facts alleged in the original pleading give rise to the new cause of action. Johnson v. Crown Enterprise, Inc., 398 F.3d 339, 342 (5th Cir. 2005) (quotation and citation omitted). As the United States Court of Appeals for the Fifth Circuit explained in Johnson, "the purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." Id.

After comparing the facts alleged in Ray's original Complaint with the new claims asserted in the Amended Complaint, the Court finds that the date of the newly asserted claims should relate back to the filing of the original Complaint. The factual allegations that Ray relies on in asserting these ancillary claims in her Amended Complaint were all set forth in the original Complaint. Levi was therefore on notice of the factual allegations giving rise to a claim for intentional infliction of emotional distress when

7

the original Complaint was filed. Thus, the Court finds that the date of this claim should relate back to the date the original Complaint was filed. Because the original Complaint was filed on July 22, 2004, within one year of Ray's resignation, the one-year statute of limitations does not bar the intentional infliction of emotional distress claim.[2]

Having found that Plaintiff's intentional infliction of emotional distress and conversion claims are not time barred, the Court will now proceed to the merits of Ray's state law claims.

## II.C. Intentional Infliction of Emotional Distress

In regards to Ray's intentional infliction of emotional distress claim, Levi argues that the record contains no evidence of Levi engaging in the extreme and outrages conduct necessary to sustain a claim of intentional emotional distress. In support of her claim, Ray offers her own affidavit wherein she contends that Levi representatives deliberately and repeatedly harassed her in hopes that Ray would quit. Beginning in 2002, Ray alleges that her supervisor Stacy Goff often made false accusations regarding her performance. Further, Ray claims that during this time she was forced to take on the duties and responsibilities of three different positions. Because of this increased work load, Ray

---

[2] Defendant makes the alternative argument that any acts of intentional infliction of emotion distress that occurred prior to July 22, 2003, should nonetheless be time barred. However, in light of the holding of the Court *supra*, the Court need not address this issue.

contends that she often had to work twelve hour days at her office and an additional four hours at home. Ray further alleges that as a direct result of the added pressure, her health deteriorated as she developed hypertension, suffered from headaches, and was unable to sleep.  Because of her demanding schedule, Ray asserts that she had no time to see a  physician and on one occasion Goff forced her to cancel a doctor's appointment. She also claims that Goff would intentionally upset her and that she occasionally cried at work, hid in the bathroom, and walked in the parking lot to regain her composure after encounters with Goff. See generally Exhibit "A" to Plaintiff's Response to Defendant's Motion for Summary Judgment.

To establish a claim for intentional infliction of emotional distress under Mississippi law, a plaintiff must produce evidence of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Raiola v. Chevron U.S.A., Inc., 872 So.2d 79, 85 (Miss. App. 2004)(citing Brown v. Inter-City Fed. Bank, 738 So.2d 262, 264 (Miss. App. 1999).  An action for intentional infliction of emotional distress will not extend to "mere insults, indignities, threats, annoyances, petty oppression, and other trivialities." Id. "Meeting the requisite elements of a claim for intentional infliction of emotional distress 'is a tall order . . . ,' and 'does not ordinarily lie for mere employment disputes.'"

<u>Alack v. Beau Rivage Resorts, Inc.</u>, 286 F.Supp.2d 771, 776 (S.D. Miss. 2003)(citing <u>Jenkins v. City of Grenada</u>, 813 F.Supp. 442, 446-47 (N.D. Miss. 1993)).

The Court finds that Ray has failed to create a genuine issue of material fact as to her claim of intentional infliction of emotional distress. The only evidence proffered by Ray in support of her claim is her own affidavit. She offers no evidence to corroborate her allegations that she was being "run off" by Goff. The record is also void of any medical records or treating physician testimony that would substantiate the alleged health problems she suffered as a result of Goff's conduct.  But, even assuming the facts alleged by Ray in her affidavit are true, Levi's conduct does not rise to the level of outrageous or utterly intolerable. The fact Ray was expected to work longer hours to accomplish her tasks is certainly not outrageous behavior on the part Levi. In reality, an employer who pushes an employee to achieve more than he or she is capable of achieving is common place in society today. And even if Goff intended to cause Ray to resign, none of the alleged actions taken by Goff are tantamount to the extreme and intolerable conduct necessary to sustain a claim of intentional infliction of emotional distress. Accordingly, the Court finds that Levi is entitled to summary judgment on Ray's claim of intentional infliction of emotional distress.

**II.D. Conversion**

Ray has also alleged a conversion claim against Levi based on the fact that Levi allegedly prevented her from taking accrued vacation time or otherwise failed to compensate her with vacation pay.  A claim of conversion requires "proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of _the owner's right_, or of an unauthorized and injurious use, or of a wrongful detention after demand." <u>Community Bank, Ellisville, Miss. v. Courtney</u>, 884 So.2d 767, 772-73 (Miss. 2004) (quotations and citation omitted) (emphasis in original).  The only evidence related to Ray's claim of conversion is the following statement in her own affidavit: "I lost seven (7) days of vacation pay, not counting all the vacation days when I was actually working at home." <u>See</u> Exhibit "A" to Plaintiff's Response to Defendant's Motion for Summary Judgment, p. 3. Ray however fails to provide any evidence that demonstrates an ownership right in or entitlement to any vacation pay.  Thus, the Court finds that Ray's conversion claim is also without merit and must be dismissed.

**II.E. Negligent Infliction of Emotion Distress**

Finally, Levi argues that Ray's negligent infliction of emotional distress claim is barred by the exclusive remedy provision of the Mississippi Worker's Compensation Act, Miss Code Ann. § 71-3-9. Although Ray's response to this argument is somewhat confusing, she seems to argue that emotional distress damages are

recoverable against Levi outside of a worker's compensation action under a breach of contract theory. Ray however did not allege a breach of contract claim against Levi in its Amended Complaint. Moreover, Ray fails to explain how a negligent infliction of emotional distress cause of action is not subsumed by § 71-3-9.[3] The Court therefore concludes that the negligent infliction of emotional distress claim should also be dismissed.

Accordingly, the Court finds that there are no genuine issues of material fact as to Ray's state law claims of negligent and/or intentional infliction of emotional distress, conversion, and punitive damages and these claims must therefore be dismissed as a matter of law.[4]

### III. Motion to Strike

Ray moves to strike Exhibits G, H, I, J, N and O to Levi's Motion for Summary Judgment, arguing that the evidence is inadmissible hearsay. The Court however did not take these Exhibits into consideration when analyzing the Motions for Summary Judgment; therefore, the Court finds Ray's Motion to Strike moot.

### IV. Conclusion

---

[3] The Court also believes that Ray has confused a negligent infliction of emotional distress *cause of action*, which is at issue in this case, with recovery of *damages* for emotional distress and mental anguish. Emotional distress and mental anguish can be an element of damages under numerous causes of action.

[4] Of course, with no viable substantive claim, Ray's punitive damage claim must likewise fails.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment Regarding Plaintiff's Remaining Claims [docket entry no. 95] is well taken and is hereby granted. Plaintiff's intentional and negligent infliction of emotional distress claim, conversion claim, and punitive damage claims are hereby dismissed with prejudice. Seeing that all claims asserted in Plaintiff's Amended Complaint have finally been dismissed, a Final Judgment will be entered reflecting the final resolution of this matter.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike [docket entry no. 100] is hereby denied as moot.

SO ORDERED this the 18th day of April, 2006.


_____
s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE


blj